IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YVONNE BRANDENBURG,

        Plaintiff,

v.                                                                                                                              CIV 17-0507 JB/JHR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
performing duties and functions not reserved
to the Commissioner of Social Security,

        Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Plaintiff Yvonne Brandenburg's Motion to Reverse Commissioner's Administrative Decision and Remand Claim (*Doc. 22*) and Memorandum in Support of Plaintiff's Motion to Remand (*Doc. 23*), filed September 15, 2017. Pursuant to 28 U.S.C. § 636(b), this matter has been referred to me for a recommended disposition. *Doc. 21*. Having reviewed the parties' submissions, the relevant law, and the relevant portions of the Administrative Record, the Court recommends that Plaintiff's Motion be granted and that this matter be remanded for further administrative proceedings.

### I.     INTRODUCTION

Ms. Brandenburg's claim for disability insurance benefits was denied by the Commissioner at every level of review. In the final denial, the Administrative Law Judge ("ALJ") assigned to her case determined that Ms. Brandenburg can still perform work which exists in "significant numbers" in the national economy. This factual finding is at the heart of this appeal.

Relying on the testimony of a Vocational Expert, the ALJ found that there are a total of 5,200 jobs in the national economy that Ms. Brandenburg retains the residual functional capacity to perform. However, the ALJ's analysis ended with this conclusion. Absent from the ALJ's analysis was any discussion of whether this number of jobs is actually "significant" in Ms. Brandenburg's case. However, such a discussion was required by binding Tenth Circuit precedent in a case involving such a low number of jobs in the national economy. As such, the Court recommends that Plaintiff's Motion be granted, and that this matter be remanded for further analysis by the ALJ.

## II.     PROCEDURAL HISTORY

Ms. Brandenburg filed an application with the Social Security Administration for disability insurance benefits under Title II of the Social Security Act on March 8, 2013. *AR* at 192-195.[1] She alleged a disability onset date of June 1, 2011, due to Lymphoma cancer stage 2, cirrhosis of the liver, and diabetes. *AR* at 70, 192. However, her date last insured was June 30, 2011, *AR* at 73, "thus she had the burden of proving that she was totally disabled on that date or before." *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (citation omitted).

Ms. Brandenburg's application was denied initially and upon reconsideration. *AR* at 69-88. She requested review, and, after holding a *de novo* hearing, ALJ Eric Weiss issued an unfavorable decision on January 6, 2016. *AR* at 16-32. Ms. Brandenburg requested that the Appeals Council review the ALJ's decision on March 4, 2016. *AR* at 14-15. The Appeals Council denied her request on March 20, 2017. *AR* at 1-3. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

---

[1] Documents 13-1 through 13-90 comprise the sealed Administrative Record ("AR"). The Court cites the Record's internal pagination, rather than the CM/ECF document number and page.

This Court has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

A claimant seeking disability benefits must establish that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4).[2]

At step one of the process, the ALJ found that Ms. Brandenburg had not engaged in substantial gainful activity from her alleged onset date through her date last insured. *AR* at 21. At step two, he determined that Ms. Brandenburg had established the severe impairments of "status-post left foot fracture and obesity." *AR* at 21. In so finding, the ALJ rejected Ms. Brandenburg's lymphoma cancer and cirrhosis of the liver, among other things, as non-medically determinable impairments on the date last insured because they had not been diagnosed by an acceptable medical source until after that date. *AR* at 21-23. The ALJ also found, through the date last insured, Ms. Brandenburg "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *AR* at 23.

---

[2] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016):

> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulation.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

When a claimant does not meet a listed impairment, the ALJ must determine her residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1; *see* 20 C.F.R. § 404.1545(a)(1). In this case, the ALJ determined that, through her date last insured, Ms. Brandenburg retained the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a), except that she could lift or carry 20 pounds occasionally and 10 pounds frequently; could occasionally push or pull the same weight, including the operation of foot controls with her left lower extremity; could walk and stand for two hours during an 8-hour workday; could sit for six hours during an 8-hour workday; could occasionally climb ramps and stairs, but never ladders, ropes or scaffolds; could occasionally balance, stoop, crouch, kneel, and crawl; and had to avoid more than occasional exposure to extreme cold and moving machinery and all exposure to unprotected heights.

*AR* at 23. Employing this RFC at step four, the ALJ determined that Ms. Brandenburg could not have returned to her past relevant work as a tamale worker prior to her date last insured. *AR* at 25. Ms. Brandenburg does not challenge these findings on appeal.

At step five, the ALJ found that, "[t]hrough the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that claimant could have performed." *AR* at 26. Specifically, relying on the testimony of the vocational expert, he found that Ms. Brandenburg was capable of working as an order clerk, table worker, and charge account clerk prior to her date last insured. *AR* at 26. Ms. Brandenburg does not take exception to the ALJ's step five findings in general. In other words, she does not challenge the ALJ's finding that these jobs are within her RFC. However, she posits that the number of jobs, which the vocational expert testified total 5,200 positions in the national economy, is insufficient to meet the Commissioner's burden at step five because 5,200 is not a "significant number" of jobs under the Act. *See Doc. 23* at 4. The Commissioner counters that this Court should defer to the ALJ's

4

finding that 5,200 jobs constitute a significant number of jobs existing in the national economy in the specific context of this case. *Doc. 25* at 3.

### III. LEGAL STANDARD

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). Importantly, the Court cannot "presume to interpose [its] judgment for that of the ALJ." *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992).

### IV. ANALYSIS

The pertinent statute defines disability as follows:

> An individual shall be determined to be under a disability only if … [s]he … cannot … engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence … "work which exists in the national economy" means work which exists in significant numbers *either in the region where such individual lives or in several regions of the country.*

42 U.S.C. § 423(d)(2)(A) (emphasis added). The pertinent regulations echo the statutory language. *See* 20 C.F.R. § 404.1566(a).[3] As the Tenth Circuit has held, "the controlling statutes, federal regulations, and case law all indicate that the proper focus generally must be on jobs in the national, not regional, economy." *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009); *see Knott v. Califano*, 559 F.2d 279, 282 (5th Cir. 1977) ("[T]he relevant job area is not confined

---

[3] Stating: "We consider that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. It does not matter whether— (1) Work exists in the immediate area in which you live; (2) A specific job vacancy exists for you; or (3) You would be hired if you applied for work." 20 C.F.R. § 404.1566.

5

to the claimant's locality."). In fact, the pertinent regulations and case law state "[w]e will determine that you are not disabled if your residual functional capacity and vocational abilities make it possible for you to do work which exists in the national economy, but you remain unemployed because of … (2) Lack of work in your local area[.]" 20 C.F.R. § 404.1566(c); *Raymond*, 621 F.3d at 1274 ("[T]he Commissioner is not required to show that job opportunities exist within the local area.") (quoting *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999)). However, it must be remembered that these same regulations state:

> Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. *Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered "work which exists in the national economy"*. We will not deny you disability benefits on the basis of the existence of these kinds of jobs. If work that you can do does not exist in the national economy, we will determine that you are disabled. However, if work that you can do does exist in the national economy, we will determine that you are not disabled.

20 C.F.R. § 404.1566(b) (emphasis added). As such, while the ALJ was not required to show that there were a significant number of jobs in Ms. Bradenburg's region, he was required to show that the jobs he identified were not isolated as a matter of fact.

The ALJ found that Ms. Brandenburg "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." *AR* at 26. As set forth above, the ALJ was not required to consider the regional jobs available to Plaintiff. He was, however, required to determine whether or not 5,200 jobs is a significant number as applied to "several regions of the country." *See Gutierrez v. Commissioner of Social Security*, 740 F.3d 519, 528 (9th Cir. 2014) (assessing the "nationwide figure in the context of 'several regions of the country.'") (citing *Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012)); *see Beltran*, 700

F.3d at 390 ("Although 1,680 jobs might seem a 'significant number' standing alone, distributing these jobs between several regions across the nation shows that it is not 'significant' after all.").

The Tenth Circuit "has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number[.]'" *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). While the court has suggested that "the number appears to be somewhere between 100 . . . and 152,000[,]" *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016), it has made clear that "each case should be evaluated on its individual merits," *Trimiar*, 966 F.2d at 1330, unless harmless error applies. *See Evans*, 640 F. App'x at 736. In *Trimiar*, the Tenth Circuit adopted several factors that an ALJ "should consider . . . in determining whether work exists in significant numbers." *Id.* These factors include: "the level of the claimant's disability; the reliability of the vocational expert's testimony; the distance the claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the type and availability of such work, and so on." *Id.* (quoting *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988), in turn quoting *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir.1988)). "The decision should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.*

As the Sixth Circuit has said, "[d]isability insurance . . . is not available to fund a claimant's decision to live far from [her] job." *Taskila v. Commissioner of Social Security*, 819 F. 3d 902, 905 (6th Cir. 2016) (quoting *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999)). However, an ALJ must consider the "intrinsic" effects of a claimant's impairments when determining whether a certain number of jobs is "significant," "because they prevent the claimant from *accessing* certain jobs in the local or national economy." *Taskila*, 819 F.3d at 906. "That an ALJ must tailor the determination of what is significant to the facts of each claimant's

case is why we have said that ALJs 'should consider many criteria in determining whether work exists in significant numbers.'" *Id.* (quoting *Hall v. Bowen*, 837 F.2d at 275).

The factors borrowed from the Sixth Circuit in *Trimiar* do not apply when the number of available jobs is "much larger" than the 650 to 900 regional jobs at issue there. *See Raymond*, 621 F.3d at 1274 n.2; *see also Harmon*, 168 F.3d at 292 ("Certainly 700,000 jobs, with no indication of gross concentration in a few areas, is a 'significant number of jobs in the national economy.'"); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (discussing the principles of harmless error and stating that "[s]uch an approach might have been open to us here had the number of available jobs identified by the VE not been one hundred but considerably greater."). However, the Tenth Circuit, like the Sixth Circuit, has never drawn a line delineating how much "much larger" is. *Taskila*, 819 F.3d at 906.

Ultimately, the Court is hesitant to find that 5,200 national jobs is significant as a matter of law. Therefore, the ALJ was required to engage in a *Trimiar* analysis in this case to determine whether 5,200 national jobs was significant as a matter of fact as applied to Ms. Brandenburg. *See Taskila*, 819 F.3d at 905 (Stating that it is "impossible to determine the number of jobs that is 'significant' enough—without taking into account [the claimant's] individual circumstances."). As the Tenth Circuit stated, "each case should be evaluated on its individual merits." *Trimiar*, 966 F.2d at 1330.

The Court is not convinced that the ALJ engaged in a discussion of the *Trimiar* factors, *See AR* at 26, and the Commissioner does not argue otherwise. *See generally Doc. 26*. In fact, the Commissioner argues that *Trimiar* is no longer applicable because *Raymond* clarified that the focus is on the national economy, and *Trimiar* was concerned with regional jobs. *See id.* at 4. However, the Court finds that *Trimiar*'s factors are still applicable in cases like this, where the

8

number of jobs identified on the national level is relatively low. Therefore, "because the ALJ failed to evaluate the *Trimiar* factors and make specific factual findings regarding the numerical significance requirement, we cannot properly review this issue." *Rhodes v. Barnhart*, 117 F. App'x 622, 532 (10th Cir. 2004). As the Tenth Circuit has stated:

> *Trimiar's* insistence on an antecedent exercise of judgment by the ALJ is not novel. On the contrary, it is consistent with, if not compelled by, our broader recognition that as a court acting within the confines of its administrative review authority, we are empowered only to review the ALJ's decision for substantial evidence and … we are not in a position to draw factual conclusions on behalf of the ALJ.

*Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (quotations omitted). Absent the proper analysis by the ALJ, this Court cannot confidently say that 5,200 jobs, spread across several regions of the country, are significant as a matter of fact, and the Court declines the Commissioner's invitation to find them significant as a matter of law.

## V. CONCLUSION

Wherefore, the undersigned recommends that Plaintiff's Motion to Reverse Commissioner's Administrative Decision and Remand Claim (*Doc. 22*), be granted, and that this case be remanded for further administrative proceedings.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**